**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01107-REB

SHEERAH D. HARRIS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed April 25, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that she is disabled as a result of bipolar disorder, psychotic disorder, PTSD, drug and alcohol dependence, borderline personality disorder, and bulimia nervosa. After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

was held on December 12, 2011.  At the time of the hearing, plaintiff was 29 years old.  She has a limited education and past relevant work experience as a food and beverage order clerk.  She has not engaged in substantial gainful activity since July 6, 2010, the date of her application for benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits.  Although the evidence established that plaintiff suffered from severe impairments, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Plaintiff's migraine headaches were found not to constitute a severe impairment.  The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels that required the ability to understand, remember, and carry out only simple instructions and involved only occasional interaction with coworkers and supervisors and rare (or no) interaction with the general public.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  She therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(a)(4)(i)-(v). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred in concluding that she did not meet the requirements of the listing for affective disorders at step 3 of the sequential evaluation. She also suggests error in the ALJ's decision to afford little weight to the opinion of her treating source, in the ALJ's alleged failure not to consider the impact of migraines in assessing her residual functional capacity, and in the ALJ's assessment of her credibility overall. Finding no such reversible error in the ALJ's decision, I affirm.

At step 3 of the sequential evaluation, the ALJ considered whether plaintiff's various mental impairments met or equaled the criteria of the Commissioner's Listing of Impairments, which set forth standards under which various physical and mental impairments will be considered presumptively disabling. 20 C.F.R. § 416.925(a); **Social Security Ruling 83-19**, 1983 WL 31248 at *1 (SSA 1983). ***See also Bowen v. City of New York***, 476 U.S. 467, 471, 106 S.Ct. 2022, 2025, 90 L.Ed.2d 462 (1986). Mental disorders are analyzed under section 12.00 of the listings, which defines each of the nine diagnostic categories identified therein by three criteria: a statement describing the disorder (the capsule definition), a set of medical findings (the paragraph A criteria) and a set of impairment-related functional limitations (the paragraph B criteria). Alternative functional criteria (the paragraph C criteria) are included for certain classes of disorders. A claimant's impairment meets or equals a listed impairment, and therefore is presumed to be disabling, if the diagnostic description of the capsule definition and the criteria of both paragraphs A and B (or A and C, where appropriate) are satisfied. ***See*** 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00A.

The ALJ concluded that plaintiff's impairments did not meet the paragraph B criteria of the listing because the evidence did not support a conclusion that plaintiff had "marked" restrictions in any of the functional areas covered by paragraph B.  (Tr. 26.)[2] These findings were based on and consistent with the assessment of Dr. Donald Glasco, a state agency psychological consultant.[3]  (Tr. 84-85.)  Plaintiff points to evidence in the record that she contends shows otherwise – evidence that she has lost custody of all four of her children, is irritable and abrasive in most social interactions, and is unable to follow rules or complete projects.  Essentially, she suggests that the evidence supports a conclusion different from the one reached by Dr. Glasco.  The court generally is neither inclined nor authorized to accept any invitation to reweigh the evidence, **see Thompson**, 987 F.2d at 1487, and is particularly ill-equipped to do so when the exercise would require the substitution of a judge's lay opinion for a doctor's medical one, **see Hamlin v. Barnhart**, 365 F.3d 1208, 1221 (10th Cir. 2004).

In a related argument, plaintiff suggests that the ALJ erred in discrediting the opinion of her treating source, psychiatric nurse Anna-Lisa Greenwade.  I perceive no reversible error in this regard, either.  The ALJ properly noted that Ms. Greenwade was

---

[2] At the administrative level, plaintiff also argued that she satisfied the paragraph C criteria, based on evidence of repeated hospitalizations.  *See* 20 C.F.R., Pt. 404, Subpt. P., App. 1, §12.04C(1) (requiring "[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support" and, *inter alia*, "[r]epeated episodes of decompensation, each of extended duration").  The ALJ rejected this argument as unsupported by the evidence, and plaintiff does not challenge that determination here. (Tr. 26-27.)

[3] Paragraph B requires proof that a medically determinable impairment has resulted "in at least two of the following:  1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R., Pt. 404, Subpt. P., App. 1, §12.04B.

not an "acceptable medical source," *see* **Social Security Ruling 06-03p**, 2006 WL 2329939 at *1 (SSA Aug. 9, 2006), and thus could neither issue medical opinions, *see* 20 C.F.R. § 404.1527(a)(2), nor be considered a treating source whose opinion must be evaluated to determine whether it is entitled to controlling weight, *see* 20 C.F.R. § 404.1513(d). *See also* **Social Security Ruling 06-03p**, 2006 WL 2329939 at *2; *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007). (Tr. 27, 34.)

Nevertheless, the ALJ properly proceeded to evaluate Ms. Greenwade's opinion, applying the same factors as are generally used to assess treating source opinions. **Social Security Ruling 06-03p**, 2006 WL 2329939 at *4; 20 C.F.R. § 416.927(c)(2)-(6). She noted that Ms. Greenwade had only two prior contacts with plaintiff at the time she authored her opinion. (*See* Tr. 33, 318.) The duration of the treating relationship is an appropriate consideration in determining the weight to be afforded to a treating source opinion. *See* 20 C.F.R. § 416.927(c)(2). In addition, Ms. Greenwade essentially refused to issue any opinion as to the degree of impairment plaintiff experienced in activities of daily living or social functioning, repeatedly noting that the degree of limitation was "unknown" because Ms. Greenwade had "limited knowledge of patient." (Tr. 320-321.) Thus, and although plaintiff suggests that Ms. Greenwade had access to 18 months of previous treatment records from the clinic that might further support her conclusions, such express disavowal of knowledge of these matters demonstrates that she in fact did not review or consider that evidence.[4]

---

[4] Plaintiff also points out that the ALJ failed to consider the opinions of Dr. Jacqueline Richman, who undertook a psychological evaluation of plaintiff at the request of the Boulder County Department of Social Services in connection with that agency's determination whether plaintiff's parental rights to one of her children should be circumscribed or terminated. (Tr. 662-673.) Aside from the fact that opinion was

7

Lastly, plaintiff argues that the ALJ erred in assessing her residual functional capacity. In this regard she complains of the ALJ's general failure to credit her subjective reports of pain and limitation, and more specifically of the ALJ's alleged failure to consider the impact of her migraine headaches in assessing her residual functional capacity. Addressing these arguments in reverse order, I find no error.

Although the ALJ is required to consider the combined impact of all a claimant's medically determinable impairments, including those (such as plaintiff's headaches in this case) found to be not severe, in assessing her residual functional capacity, *see* 20 C.F.R. § 416.945(a)(2), plaintiff does not suggest how this alleged omission (to the extent it occurred) prejudiced her. **See Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988). The ALJ thoroughly reviewed the scant medical evidence of the existence of such an impairment, which indicated that plaintiff sought treatment just twice for headaches, approximately one year apart. (Tr. 26, 341-342, 350-351.) At the second of these appointments, plaintiff was prescribed Imitrex, and there is nothing in the record to indicate that this treatment was not effective, especially considering that there is no further evidence of complaints of or treatment for migraines.

Indeed, the only other evidence of record of this alleged impairment is plaintiff's own testimony. The ALJ, however, found plaintiff's testimony regarding her limitations generally not credible to the extreme extent plaintiff alleged. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset

---

authored in 2004, well before the period under consideration in this case, plaintiff offers no argument or evidence suggesting what effect the assessment of plaintiff's parenting and relational skills might have on her work-related abilities. The failure to consider this evidence thus undoubtedly was harmless. **See Williams v. Chater**, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."). .

if supported by substantial evidence." ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference.  ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ's credibility determination in this case is substantiated by her extraordinarily thorough and well-documented consideration of the medical and other evidence before her.  She gave specific, legitimate reasons for her assessment of plaintiff's credibility, precisely tied to the evidence of record.  (Tr. 28-33.)  Nothing in this determination warrants reversal of the disability decision.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 11, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge